Hand-Delivered

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

Asheville Division

FILED
ASHEVILLE, N.C.
APR 20 2018
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| Shanice L. Clark | Case No. 1:18 CV 106 - MR |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | |
| Laurel Health Care Company; Laurel Health Care Company of North Carolina, Inc.; The Laurels of Summit Inn, Inc.; (See Attachment) | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Shanice L. Clark |
   | Street Address | 215 Adam Hills Road |
   | City and County | Asheville -- Buncombe County |
   | State and Zip Code | North Carolina 28806 |
   | Telephone Number | 828-808-1578 |
   | E-mail Address | |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Laurel Health Care Company |
| Job or Title *(if known)* | N/A |
| Street Address | 8181 Worthington Road |
| City and County | Westerville -- Delaware County |
| State and Zip Code | Ohio 43082-8067 |
| Telephone Number | (614) 794-8800 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Laurel Health Care Company of North Carolina, Inc. |
| Job or Title *(if known)* | N/A |
| Street Address | 8181 Worthington Road |
| City and County | Westerville -- Delaware County |
| State and Zip Code | Ohio 43082-8067 |
| Telephone Number | (614) 794-8800 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | The Laurels of Summit Inn, Inc. |
| Job or Title *(if known)* | N/A |
| Street Address | 8181 Worthington Road |
| City and County | Westerville -- Delaware County |
| State and Zip Code | Ohio 43082-8067 |
| Telephone Number | (614) 794-8800 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | The Laurels of Summit Inn, Inc., d/b/a The Laurels of Summit Ridge |
| Job or Title *(if known)* | N/A |
| Street Address | 8181 Worthington Road |
| City and County | Worthington -- Delaware County |
| State and Zip Code | Ohio 43082-8067 |
| Telephone Number | (614) 794-8800 |
| E-mail Address *(if known)* | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | The Laurels of Summit Ridge |
| Street Address | 100 Riceville Road |
| City and County | Asheville -- Buncombe County |
| State and Zip Code | Asheville 28805 |
| Telephone Number | (828) 299-1110 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
Family and Medical Leave Act, 29 U.S.C. section 2601, et seq.

☑ Relevant state law *(specify, if known)*:
North Carolina common law wrongful discharge claims arising under N.C. Gen. Stat. 143-422.2

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify)*: Interference/retaliation for anticipated family and medical leave

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
May 9, 2016

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race
- [ ] color
- [x] gender/sex    pregnancy discrimination
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*
    disability arising from my pregnancy

E. The facts of my case are as follows. Attach additional pages if needed.

1. On or about August 20, 2015, I was hired by The Laurels of Summit Ridge ("LSR") as a certified nursing assistant. I was a full-time employee at LSR, and worked approximately 36 - 38 hours per week.

2. I learned that I was pregnant in or about April, 2016. On May 1, 2016, I was forced to leave work early because of bleeding associated with my pregnancy, and I went to the emergency room at Mission Hospital in Asheville, North Carolina. I notified LSR's management of my pregnancy and the reason that I had to leave work early. (See Attachment for additional allegations)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
June 27, 2016

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 03/02/2018.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking the following relief: (1) an declaration that LSR violated Title VII, the ADA, and the FMLA; (2) an order enjoining LSR from further violations of Title VII, the ADA, and the FMLA; (3) an order directing LSR to reinstate me to my previous position with the same salary and benefits, or in the alternative awarding me front pay in the event that reinstatement is not feasible; (4) an order awarding me back pay (including benefits) from the date of my termination through trial; (5) an order awarding me liquidated damages; (6) an order awarding me compensatory damages; (7) an order awarding me punitive damages; (8) an order awarding me pre-judgment and post-judgment interest; (9) an order awarding me any attorney's fees, expert witness fees, and costs of this action; and (10) an order awarding me any further that the Court deems necessary.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/20/2018

Signature of Plaintiff
Printed Name of Plaintiff    Shanice L. Clark

### B. For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# ATTACHMENT

**Additional Defendants**:

Defendant No. 4:

The Laurels of Summit Inn, Inc., d/b/a The Laurels of Summit Ridge
8181 Worthington Road
Westerville, Ohio 43082-8067 (Delaware County)
Telephone: (614) 794-8800

Defendant No. 5:

The Laurels of Summit Ridge
100 Riceville Road
Asheville, North Carolina 28803 (Buncombe County)
Telephone: (828) 299-1110

**Additional Allegations of the Complaint**:

3. The emergency room physician told me that I was bleeding behind the placenta. The physician also told me to take a week off from work, and follow up with my obstetrician.

4. On or about May 2, 2016, I consulted with an obstetrician at Grace OB/GYN, who advised me that as a result of my physical condition and pregnancy, I should not lift more than ten (10) pounds for the next week, and that I should be placed on a twenty-five (25) pound lifting restriction for the rest of my pregnancy.

5. On or about May 8, 2016, I returned to work, and told my co-workers about the lifting restrictions that had been imposed. My co-workers assisted me in performing my job duties when I was required to engage in lifting.

6. Approximately thirty (30) minutes into my shift however, a nurse named Jennifer (last name unknown) instructed me that I should go home because there was no light-duty work at the facility.

7. I returned to work on May 9, 2016, and spoke with LSR's director of nursing, Michela Wilson, and LSR's administrator, Judi Boyer.

8. During the meeting, I asked Michela Wilson and Judi Boyer why I was sent home the previous day. I was informed that LSR had no light-duty work, except for employees who had experienced a workplace injury.

1

9. During the meeting, I told Michela Wilson and Judi Boyer that I could perform my job if LSR would recognize the lifting restrictions. They refused to recognize the lifting restrictions for any period of time.

10. During the meeting, I asked if I was being fired, and Judi Boyer told me no, but that I had to resign.

11. During the meeting, I told Judi Boyer that I would not resign because I needed the insurance. At that point, Judi Boyer told me that my position was being eliminated.

12. It was not true that LSR did not have a light-duty policy for pregnant employees. There was such a policy, which allowed up to 90 days of light duty for pregnant employees who had temporary medical restrictions arising from the pregnancy. However, none of the facilities owned and operated by Laurel Health Care Company in North Carolina were in compliance with that policy insofar as it applied to pregnant employees with temporary medical restrictions as a result of the pregnancy.

13. I was told of another employee who received light-duty assignments following an on-the-job injury at the facility.

14. At no point did LSR's management engage in discussions with me regarding a reasonable accommodation for my disability arising from my pregnancy. Instead, I was terminated on the spot when I requested an accommodation.

15. I believe that I was terminated because of my pregnancy, and retaliated against because I opposed the discrimination against me due to my pregnancy, in violation of Title VII of the 1964 Civil Rights Act, as amended.

16. I believe that LSR's light-duty policy has a disparate impact upon pregnant employees, and pregnant who experienced medical complications arising from the pregnancy.

17. I believe that I was terminated because I had an actual disability, and because I was regarded as disabled, in violation of the Americans with Disabilities Act, as amended. I also believe that LSR violated the Americans with Disabilities Act, as amended, by failing to engage in an interactive discussion regarding a reasonable accommodation for my disability even though LSR was required to consider accommodations such as altering how job functions were performed; providing temporary assignment to a light-duty position; or transfer, reassignment, or extended leave.

18. I believe that LSR interfered with my rights under the Americans with Disabilities Act, as amended.

19. I believe that LSR retaliated against me in violation of the Americans with Disabilities Act, as amended, because I opposed the discrimination based upon my disability, and because of my efforts to engage in a discussion about a reasonable accommodation.

20. I believe that LSR's light-duty policy has a disparate impact upon employees with a disability based upon complications arising from a pregnancy.

21. I further believe that LSR's termination of my employment interfered with my rights under the Family and Medical Leave Act because I would have utilized family and medical leave in connection with my pregnancy.

22. Finally, I believe that LSR discriminated and retaliated against me in violation of the Family and Medical Leave Act because of the fact that I would have utilized family and medical leave in connection with my pregnancy.

I have attached the following documents to my complaint: (a) **Exhibit-A**, which is a copy of my charge of discrimination; (b) **Exhibit-B**, which is the EEOC's Determination finding merit to certain allegations in the charge of discrimination; (c) **Exhibit-C**, which is the Notice of Conciliation Failure; and (d) **Exhibit-D**, which is the Notice of Right to Sue.